UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 10-10983-GAO

BADROLSADAT SHAMS,
Plaintiff,

v.

FAY FETNEH MONTASSER,
Defendant.

OPINION AND ORDER
December 16, 2010

O'TOOLE, D.J.

The plaintiff, Badrolsadat Shams, alleges that the defendant, Fay Fetneh Montasser, refuses to release funds once owed to the plaintiff's deceased brother and now, through his estate, owed to her and her sisters. Shams pleads five counts in her complaint: money had and received, fraud and misrepresentation, larceny, embezzlement, and conversion.

Montasser moves to dismiss this case on several grounds. She claims (1) she is not subject to personal jurisdiction in this District and the action should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(2); (2) the complaint should be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1); (3) Shams lacks standing to bring this claim; and (4) the complaint fails to state any claim upon which relief can be granted and should be dismissed pursuant to Rule 12(b)(6).

It is sufficient to consider the question of personal jurisdiction.[1] The defendant is a resident of California. The plaintiff adduces no facts sufficient to justify a conclusion that this Court may exercise in personam jurisdiction over the defendant. Indeed, it appears that the plaintiff's argument in favor of personal jurisdiction rests mostly on the fact that the *plaintiff* is a resident of Massachusetts. See Pl.'s Mem. in Opp'n To Def.'s Mot. To Dismiss, at 7-8.

Substantially for the reasons set forth in the defendant's memorandum, the plaintiff has failed to establish the existence of personal jurisdiction over the defendant. The motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2) is GRANTED. The complaint is DISMISSED.

It is SO ORDERED.

   /s/ George A. O'Toole, Jr.
United States District Judge

---

[1] Ordinarily, it would be customary for a district court to address subject matter jurisdiction first. In some cases, however, circumstances make it appropriate to give priority to the question of personal jurisdiction. Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 578 (1999).